UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE J. HOOT, personal representative of the Estate of Alexander T. Aneiro (deceased),<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS; MANN-GRANDSTAFF VA MEDICAL CENTER; and JOHN AND JANE DOES 1 - 10,<br><br>      Defendants. | NO: 2:22-CV-0162-TOR<br><br>ORDER DENYING MOTION TO VACATE |

  BEFORE THE COURT is Plaintiff's Fed. Rul. Civ. Proc. 60 Motion to Vacate the November 16, 2022 Order of Dismissal. ECF No. 7. There is no proof that this motion was served on any of the Defendants. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.

ORDER DENYING MOTION TO VACATE ~ 1

# BACKGROUND

On July 1, 2022, a Complaint was filed in this case. ECF No. 1. On November 3, 2022, this Court entered an Order to Show Cause why this case should not be dismissed for failure to timely serve the Summons and Complaint upon each Defendant. Plaintiff did not show any compliance with Rule 4(i)(1).

Plaintiff's response to the Order to Show Cause sought an additional 30 days to file an amended complaint and effectuate service. ECF No. 4 at 5. Plaintiff gave several reasons why the Complaint was not served but none of which constitute "good cause" or "excusable neglect". Most importantly, Plaintiff counsel said that he "intended to amend Plaintiff's Complaint to include SF 95 verifications and Washington State court records evidencing Katherine J. Hoot, as Personal Representative of the Estate of Mr. Alexander T. Aneiro . . ." ECF No. 4 at 3. Service upon the United States can be accomplished by merely mailing the summons and complaint to three offices by "registered or certified mail". Fed. R. Civ. P. 4(i)(1). As of November 16, 2022, Plaintiff never served Defendants and the Court dismissed the Complaint without prejudice. ECF No. 5.[1]

---

[1] Plaintiff filed another lawsuit on November 16, 2022 in case number 2:22-CV-0280-TOR. On January 20, 2023, Defendant filed its Motion to Dismiss. Plaintiff never responded to the Motion to Dismiss. Defendant filed a Reply on February

ORDER DENYING MOTION TO VACATE ~ 2

Exactly one year later at 7:38 p.m. on November 16, 2023, Plaintiff brings this current motion to vacate. Plaintiff has presented no new facts.

## DISCUSSION

Rule 60(b)(1) and (6) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.

The Supreme Court held in *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership* that "excusable neglect" covers negligence on the part of counsel. It then said that the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party; and (4) whether the party acted in good faith. *See Pioneer*, 507 U.S. 380, 395 (1993). The factors recited in *Pioneer* are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S.*

---

15, 2023. Plaintiff never responded. On February 21, 2023, the Court granted the Motion to Dismiss and entered Judgment accordingly. That case is now on appeal.

ORDER DENYING MOTION TO VACATE ~ 3

*Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). Under *Pioneer*, the correct approach is to avoid any *per se* rule. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*). The Ninth Circuit leaves the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case. *Id*.

The Supreme Court also observed that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. The Supreme Court also recounted its prior holding:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

*Pioneer*, 507 U.S. at 397 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)). The Supreme Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link*, 370 U.S. at 633. Consequently, . . . the proper focus is upon whether the neglect of respondents and their counsel was excusable. *Pioneer*, 507 U.S. at 397.

Here, Plaintiff's counsel represented to the Court that he intended to amend the Complaint and that is one of the reasons it was not served timely. Counsel's affirmative intentions are not "excusable neglect" which would be considered

ORDER DENYING MOTION TO VACATE ~ 4

negligence. Service could have been accomplished by merely mailing the summons and complaint to three offices by "registered or certified mail". Fed. R. Civ. P. 4(i)(1). The desire to amend the complaint before service does not constitute good cause for failure to serve. *See Wei v. State of Hawaii*, 763 F2d 370, 372 (9th Cir. 1985) ("Wei's desire to amend his complaint before effecting service does not constitute good cause. Wei has not attempted to explain how he 'was delayed in amending the Complaint.' Moreover, he could have amended the original complaint after serving it upon the defendants. Fed. R. Civ. P. 15(a).")

Counsel also represents that Defendant was on notice of the lawsuit by reason of the SF 95 claim. Counsel is wrong. The agency was on notice of the claim, but no one was on notice that a lawsuit was filed.

Plaintiff still has not shown that he properly served the Defendants with this lawsuit or his motions.

Overall, the factors the Court must consider do not support a finding of excusable neglect, but rather intentional conduct. Counsel has failed to show due diligence.

//

//

//

//

ORDER DENYING MOTION TO VACATE ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Fed. Rul. Civ. Proc. 60 Motion to Vacate the November 16, 2022 Order of Dismissal, ECF No. 7, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to Plaintiff's counsel. The file remains **CLOSED**.

DATED November 29, 2023.

*/s/ Thomas O. Rice*
THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE ~ 6